**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOAN (FARR) HEFFINGTON,
Individually and On Behalf of Major
Jack G. Farr (U.S.A.F. Deceased),

      Plaintiff-Appellant,

  v.

DEPARTMENT OF DEFENSE OF
THE UNITED STATES,

      Defendant-Appellee.

No. 07-3096
(D.C. No. 06-CV-4081-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Joan (Farr) Heffington, proceeding pro se, appeals from the district court's

order dismissing her complaint in part for lack of subject matter jurisdiction and

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in part for failure to state a claim upon which relief can be granted. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ms. Heffington filed a pro se complaint seeking damages arising out of the death of her father, who was killed in military action during the Vietnam War. She brought claims on behalf of herself and her deceased father against the United States Department of Defense for violations of several federal statutes, for constitutional violations, and for violations of state law. The district court determined that all claims asserted by Ms. Heffington on behalf of her father "must be dismissed because [Ms. Heffington], who is not an attorney, has no legal right to assert a claim on his behalf." R. Doc. 23 at 4. The district court also dismissed the federal claims brought by Ms. Heffington on her own behalf, concluding that (1) the claims were barred by the Feres Doctrine; (2) Ms. Heffington had failed to state a claim under the Federal Tort Claims Act; (3) any claims against the United States for constitutional violations must be dismissed because the United States had not waived its sovereign immunity for constitutional torts; and (4) her federal statutory claims failed to state a claim upon which relief could be granted. The district court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed those claims without prejudice.

Having reviewed the briefs, the record, and the relevant legal authority, we conclude that the district court correctly decided this case. Accordingly, we

AFFIRM the district court's decision for substantially the same reasons stated in the district court's Memorandum and Order dated February 28, 2007.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge